**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLOS ADOLFO MORENO
MARQUEZ,

      Petitioner,

v.

                             Case No. 3:26-cv-635-TJC-PDB

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

      Respondents.

---

**O R D E R**

Petitioner Carlos Adolfo Moreno Marquez, a native of Venezuela, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He later filed an Amended Petition after the Court directed him to clarify his claims. (Doc. 3).[1] Federal Respondents filed a response (Doc. 8), and Petitioner replied. (Doc. 12).

On June 9, 2026, the Court directed Respondents to inform the Court on the outcome of Petitioner's immigration hearing scheduled for May 27, and to explain

---

[1] Although Petitioner is represented in this matter, he also filed a handwritten pro se Petition. (Doc. 6). The Court will consider only the Amended Petition filed by counsel. See Local Rule 2.02(b)(3) ("If a lawyer represents a person in an action, the person can appear through the lawyer only."); (see also doc. 8 at 2 n.2) ("It should be noted that—per discussions with [Petitioner's counsel]—[Doc. 3] is the operative Petition. . . . The instant Response responds to the operative Petition.").

the basis for their invocation of 8 U.S.C. § 1226(c). (Doc. 13). The Court stated that if Respondents intend to rely on § 1227(a)(2)(A)(i) or (ii), "they must explain which of Petitioner's conviction(s) are considered crimes of moral turpitude and why." (Id.). Respondents filed a notice (Doc. 14), and Petitioner responded. (Doc. 15). This case is ripe for review.

## I. Background

In 2016, Petitioner entered the United States on a B-2 tourist visa. (Doc. 3 at 14). He eventually overstayed that visa, and two months after entering the United States, he filed an affirmative asylum application, which remains pending. (Id. at 14, 16). Petitioner argues that he has "deep ties to Florida, including his spouse, stepchildren, extended family, and a long history of lawful employment." (Id. at 2). On October 30, 2025, Petitioner's wife—a United States citizen—filed an I-130 Petition for Alien Relative on his behalf. (Id.).

In 2017, Petitioner was adjudicated guilty of driving under the influence (DUI) and was sentenced to 12 months of probation and 50 hours of community service. (Docs. 3 at 15; 8 at 2). In 2018, Petitioner was arrested "in connection with several package-theft complaints" and was adjudicated guilty of felony burglary of a dwelling (three counts, Fla. Stat. § 810.02(3)), felony grand theft (one count, § 812.014(2)(d)), and misdemeanor petit theft (two counts, Fla. Stat. § 812.014(3)(a)). (Docs. 3 at 15; 14-3 at 1, 10, 23). The judgment does not specify whether the homes he burglarized were occupied or unoccupied dwellings, but his arrest records show

2

that one burglary was of an occupied dwelling, and the other two were of unoccupied dwellings. (Doc. 15-1). He was sentenced to 11 months and 29 days for the burglary convictions, and 10 days' time served for the petit theft. (Id.).

In 2024, Petitioner was again adjudicated guilty of DUI, and he violated his probation on that DUI. (Doc. 8 at 3). Petitioner states that he later completed all required DUI education treatment, and counseling programs, and he has "no other arrests and no history of violence of noncompliance." (Doc. 3 at 15). On September 10, 2025, Immigration and Customs Enforcement (ICE) arrested Petitioner and placed him in immigration detention following a transfer from the Polk County Jail. (Doc. 8 at 3).

On December 18, 2025, an immigration judge held a bond hearing and denied bond "on the grounds that Petitioner was a danger to the community." (Doc. 8 at 3). On March 10, 2026, the immigration judge again denied bond, reasoning that Petitioner is subject to mandatory detention under the Immigration and Nationality Act (INA) for being removable as a result of having committed certain criminal offenses. (Doc. 8-6 at 3) (citing § 237(a)(2)(A)(ii) of the INA, codified at 8 U.S.C. § 1227(a)(2)(A)(ii)).

More recently, Petitioner had a master calendar hearing on May 27 and had another bond hearing scheduled for May 28. (Doc. 15 at 1). At the master calendar hearing, the immigration judge continued the matter to July 8 to allow additional time for the adjudication of Petitioner's pending Form I-130. (Id. at 2). As to the

3

bond hearing, Petitioner states that his immigration counsel filed a motion to continue the bond proceedings, but it is unclear why. (Id.). The immigration judge denied Petitioner's motion for a continuance for lack of good cause. (Id.). "As a procedural consequence, the bond request was withdrawn" by the immigration judge, rather than denied. (Id.). Respondents argue that Petitioner "has had three bond hearing opportunities" and he is improperly seeking relief from this Court "[r]ather than contest the outcome of any three of his bond hearings with the Board of Immigration Appeal[s] (BIA)." (Doc. 14 at 2–3).

Petitioner contends that if the May 28 bond hearing been held, the result would have been the same: denial, because the immigration judge "has already classified Petitioner as subject to mandatory detention under § 1226(c)." (Doc. 15 at 1). On the merits of his claim, Petitioner argues that he has been detained for more than eight months "without a constitutionally adequate custody determination." (Doc. 12 at 1). He maintains that his detention has become unreasonably prolonged, and "due process requires a bond hearing with meaningful procedural safeguards." (Id.). He seeks an individualized bond hearing within seven days, "at which the Government bears the burden of proving danger or flight risk by clear and convincing evidence[,]" so he can challenge the lawfulness of his detention. (Id. at 7).

Respondents argue Petitioner is subject to mandatory detention under § 1226(c) because he does not have a final order of removal, he has been convicted of

4

criminal offenses allegedly covered by the statute, and <u>Demore v. Kim</u>, 538 U.S. 510 (2003) requires his continued detention. (Doc. 8). Specifically, Respondents contend that § 1226(c) is triggered because (1) his burglary convictions are aggravated felonies (under § 1227(a)(2)(A)(iii)); and (2) his burglary convictions are crimes of moral turpitude not arising out of a single scheme of criminal misconduct (under § 1227(a)(2)(A)(ii)). (Doc. 14 at 2). Petitioner responds that he is not properly detained under § 1226(c) because the burglaries arose out of the same scheme of events, <u>Demore</u> does not authorize detention of indefinite duration without any individualized review, and the factors set forth in <u>Sopo v. U.S. Attorney Gen.</u>, 825 F.3d 1199 (11th Cir. 2016) weigh in his favor. (Doc. 15 at 3 n.1, 5).

## II. Analysis

As an initial matter, the Court rejects Respondents' arguments that Petitioner failed to exhaust his administrative remedies by not appealing the previous bond denials to the BIA before filing this case. <u>See, e.g.</u>, <u>Hernandez v. Lyons</u>, No. 2:26-cv-1416-SPC-NPM, 2026 WL 1353228, at *1 (M.D. Fla. May 15, 2026) ("In <u>Matter of Yajure Hurtado</u>, the BIA held that immigration judges have no authority to consider bond requests from noncitizens subject to mandatory detention. . . . The Court finds good cause to excuse exhaustion because the result appears predetermined under <u>Yajure Hurtado</u>.").

Regarding the merits of his claims, Petitioner is not properly detained under § 1226(c). First, his burglary convictions do not qualify as aggravated felonies under

the INA. See 8 U.S.C. § 1101(a)(43) (defining "aggravated felony" to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year") (emphasis added). Petitioner was sentenced to 11 months and 29 days for the burglary charges—just short of one year. His credit for ten days of time served applied to the misdemeanor petit theft conviction. (Doc. 14-3 at 12). Second, his burglary convictions do not qualify as two or more crimes of moral turpitude not arising out of a single scheme of misconduct under § 1227(a)(2)(A)(ii). As Petitioner points out, the package thefts underpinning the burglary convictions arose out of a single scheme of criminal misconduct, taking place on a single day. (See generally doc. 15-1) (police report explaining that Petitioner stole packages from three houses on the same day, wearing the same clothes). [2] Therefore, Respondents' proffered bases for invoking § 1226(c) are insufficient to trigger the statute.

Because Petitioner is not properly detained under § 1226(c), his detention is instead governed by § 1226(a), the statute prescribing detention of noncitizens unlawfully in the interior of the United States. The Eleventh Circuit has recently held that such individuals are entitled to an individualized bond hearing before an

---

[2] Additionally, burglary of an unoccupied dwelling in Florida is likely not considered a crime of moral turpitude under the INA, but the Court makes no finding on this point. See Lauture v. United States Att'y Gen., 28 F.4th 1169 (11th Cir. 2022) (vacating BIA decision holding that burglary of an unoccupied dwelling under Fla. Stat. § 810.02(3)(b) is a crime of moral turpitude and remanding the issue to the BIA to determine).

immigration judge. <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, 175 F.4th 1258, 1285 (11th Cir. May 6, 2026) ("Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country.").

Therefore, the appropriate remedy is for Respondents to provide Petitioner with a meaningful bond hearing, consistent with the regulations implementing § 1226(a). <u>See</u> <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Since the Court will grant the Petition because Petitioner is detained under § 1226(a), it does not, and need not, address his other claims and arguments. <u>See</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [the petitioner] could obtain on that claim would be cumulative").[3]

Accordingly, it is hereby

**ORDERED**:

1. Carlos Adolfo Moreno Marquez's Amended Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**. No later than **July 21, 2026**, Respondents

---

[3] For example, the Court declines to address Petitioner's due process arguments.

7

shall provide Petitioner with an individualized bond hearing before an immigration judge.

2. The hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in <u>In re Guerra</u>, 24 I&N Dec. 37 (BIA 2006). Furthermore, Petitioner's counsel must be given **48 hours advance notice** of the hearing (provided his counsel has entered an appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice).

3. No later than **July 24, 2026**, Respondents shall **FILE** a notice with the Court sharing the result of Petitioner's individualized bond hearing.

4. Respondent Warden, North Florida Detention Facility's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9) is **DENIED as moot**.

5. The **Clerk of Court** shall **enter judgment** dismissing this case without prejudice and **close the file**.

6. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of July, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms. Copies: Counsel of record